J-S13029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY THOMAS | : | |
| | : | |
| Appellant | : | No. 168 EDA 2021 |

Appeal from the Judgment of Sentence Entered December 11, 2019
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0007210-2018

BEFORE:   OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                                    Filed: June 10, 2021

Appellant, Anthony Thomas, appeals *nunc pro tunc* from the judgment of sentence entered in the Montgomery County Court of Common Pleas, following his stipulated bench trial convictions for burglary, attempted burglary, and conspiracy to commit burglary.[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows.  On September 12, 2018, Appellant was arrested and charged with eight counts of burglary, three counts of criminal attempt to commit burglary, seven counts of criminal trespass, seven counts of theft by unlawful taking, ten counts of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3502(a)(4), 901, and 903, respectively.

receiving stolen property, ten counts of criminal mischief, and possessing instruments of crime.  Appellant proceeded to a stipulated bench trial on July 31, 2019, and the court convicted him of seven counts of burglary, three counts of attempted burglary, and six counts of criminal conspiracy to commit burglary.  Sentencing was deferred pending a pre-sentence investigation report ("PSI").

On December 11, 2019, the court held a sentencing hearing.  At the hearing, the sentencing court agreed with Appellant's counsel that Appellant's prior record score was a five and that he should not be sentenced as a Repeat Felon ("RFEL").  The court also agreed with Appellant's counsel that Appellant was eligible for the recidivism risk reduction incentive ("RRRI") program.  The court also agreed with counsel's recommendation that Appellant be sent to State Correctional Institution ("SCI") Chester to be evaluated for drug treatment.  The court sentenced Appellant to consecutive terms of 12 to 24 months' imprisonment for the burglary counts; consecutive terms of 12 to 24 months' imprisonment for attempted burglary; and concurrent terms of 12 to 24 months' imprisonment for conspiracy.  This resulted in an aggregate sentence of 10 to 20 years' imprisonment.

On December 18, 2019, Appellant timely filed post-sentence motions, which the court denied on June 10, 2020.  On September 28, 2020, Appellant filed a *pro se* petition under the Post-Conviction Relief Act ("PCRA"), and the court reinstated Appellant's direct appeal rights *nunc pro tunc* on December

18, 2020.

On January 8, 2021, Appellant timely filed a notice of appeal *nunc pro tunc*.[2] On January 11, 2021, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On January 28, 2021, counsel for Appellant filed a statement pursuant to Pa.R.A.P. 1925(c)(4), indicating counsel's intent to file a brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

As a preliminary matter, counsel seeks to withdraw his representation pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is

---

[2] Appellant purported to appeal from the court's order denying his post-sentence motion. However, "[i]n a criminal action, [the] appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa.Super. 2001) (*en banc*), *appeal denied*, 569 Pa. 681, 800 A.2d 932 (2002). We have corrected the caption accordingly.

sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super. 2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super. 2006).

In ***Santiago, supra***, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither ***Anders*** nor ***McClendon*** requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under ***Anders*** are references to anything in the record that might arguably support the appeal.
>
> *      *      *
>
> Under ***Anders***, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

***Santiago, supra*** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.*** at 178-79, 978 A.2d at 361.

- 4 -

Instantly, appellate counsel has filed a petition to withdraw. The petition states counsel has conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case. Counsel's argument refers to relevant law that might arguably support Appellant's issues. Counsel further states the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of **Anders** and **Santiago**. Accordingly, we proceed to an independent evaluation of the issues raised in the **Anders** brief. **See Palm, supra**.

Counsel raises the following issues on Appellant's behalf:

> Has Appellant…met the four-part analysis pursuant to **Commonwealth v. Mastromarino**, 2 A.3d 581 (Pa.Super. 2010) and its progeny, to reach the merits of Appellant's claim that the sentencing court abused its discretion in the sentencing of Appellant?
>
> Is Appellant's claim that the sentencing court abused its discretion in sentencing Appellant to consecutive sentences and in failing to take into account Appellant's drug addiction as a mitigating factor frivolous and without merit?
>
> Is the record devoid of any issue having arguable merit and is Appellant's appeal wholly frivolous?

(**Anders** Brief at 5).

For purposes of disposition, we combine Appellant's issues. Appellant

- 5 -

argues that the trial court abused its discretion in sentencing him to an aggregate term of 10 to 20 years' imprisonment for burglaries that occurred where no one was present; no one was hurt; the value of items taken was not large; and the driving force behind the crimes was Appellant's drug addiction. Appellant claims that there was nothing to indicate that his crimes had a profound impact on any of the victims. Additionally, Appellant insists that the court did not adequately consider his drug addiction, which was referenced in his PSI, in counsel's argument, and in Appellant's allocution.

As presented, Appellant's claims challenge the discretionary aspects of his sentence. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (2013) (considering challenge to imposition of consecutive sentences as claim involving discretionary aspects of sentencing); *Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether

there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting ***Commonwealth v. Williams***, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*) (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing

Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912-13. A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. ***Mouzon, supra*** at 430, 812 A.2d at 624. Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review. ***Id.*** at 435, 812 A.2d at 627. Additionally,

> Pennsylvania law affords the sentencing court discretion to impose [a] sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion does not raise a substantial question. In fact, this Court has recognized the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

***Austin, supra*** at 808 (internal citations and quotation marks omitted).

Further,

> "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa.Super. 2013) (internal citation omitted).

> However, "prior decisions from this Court involving whether a substantial question has been raised by claims that the sentencing court 'failed to consider' or 'failed to adequately consider' sentencing factors has been less than a model of clarity and consistency." ***Commonwealth v. Seagraves***, 103 A.3d 839, 842 (Pa.Super. 2014) (citing [***Commonwealth v. Dodge***, 957 A.2d 1198 (Pa.Super. 2008), *appeal denied*, 602 Pa. 662, 980 A.2d 605 (2009)]). In ***Commonwealth v. Dodge***, this Court determined an

appellant's claim that the sentencing court "disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence" presented a substantial question*. Dodge, supra* at 1273.

This Court has also held that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super. 2014), *appeal denied*, ___ Pa. ___, 105 A.3d 736 (2014) (quoting *Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa.Super. 2005)).

*Commonwealth v. Caldwell*, 117 A.3d 763, 769-70 (Pa.Super. 2015).

Nevertheless:

[A bald] allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question. *Commonwealth v. McNabb*, 819 A.2d 54, 57 (Pa.Super. 2003). *Accord Commonwealth v. Wellor*, 731 A.2d 152, 155 (Pa.Super. 1999) (reiterating allegation that sentencing court "failed to consider" or "did not adequately consider" certain factors generally does not raise substantial question). *Compare Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 (Pa.Super. 2003) (*en banc*) (stating substantial question is raised, however, where appellant alleges sentencing court imposed sentence in aggravated range without adequately considering mitigating circumstances).

"When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert. denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id.* Where the sentencing court had the benefit of a [PSI report], we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth*

***v. Devers***, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988). ***See also Commonwealth v. Tirado***, 870 A.2d 362, 368 (Pa.Super. 2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. ***See Commonwealth v. Cruz-Centeno***, [668 A.2d 536 (Pa.Super. 1995)], *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable).

***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa.Super. 2010).

Instantly, Appellant preserved his sentencing claims in a post-sentence motion and filed a timely *nunc pro tunc* notice of appeal. Appellant also included the requisite Rule 2119(f) statement. To the extent that Appellant's claim of an excessive sentence, in conjunction with his assertion that the court failed to consider mitigating factors, raises a substantial question (***see Caldwell, supra***; ***Raven, supra***), we will address the appeal on the merits.

We observe that:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa.Super. 2006).

Here, Appellant's arguments do not warrant relief. The court did not

impose all sentences consecutively, and did not impose any sentences beyond the standard range. (*See* N.T., 12/11/19, at 7-8). As well, the court stated its reasons for imposing the consecutive sentences on the record, namely, that Appellant was the ringleader in numerous burglaries of businesses and that Appellant's actions caused harm, frustration, and added expense. The court expressed that Appellant did not deserve a volume discount for his crimes. (*See id.* at 26). Additionally, the court noted Appellant's prior criminal history and the fact that lesser sentences did not deter Appellant. (*Id.* at 26-27).

Appellant's claim that the court did not adequately consider his drug addiction, is also belied by the record. Appellant's history of drug addiction was addressed in counsel's sentencing memorandum as well as the PSI report. Appellant's counsel discussed Appellant's long battle with drug addiction during argument at sentencing and requested that Appellant be made RRRI eligible and assessed for drug treatment in prison. (*See* N.T., 12/11/19, at 11-13). Appellant himself discussed his drug addiction during his allocution. (*See id.* at 22). Indeed, the court made Appellant RRRI eligible and recommended to the Pennsylvania Department of Corrections that Appellant's confinement occur at SCI-Chester so that Appellant could receive treatment. (*See id.* at 25). Under these circumstances, we see no reason to disrupt the court's sentencing rationale. *See Shugars, supra*.

Following our independent review of the record, we agree the appeal is

wholly frivolous. *See **Palm**, **supra***. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed; petition to withdraw is granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/10/21